United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY -8  P 3: 28

| | |
|---|---|
| Michael Hitter, # 071198; ) | C/A No. 2:06-1297-TLW-RSC |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| George T. Hagan, Warden at Allendale Correctional ) | |
| Institution; and Henry McMaster, Attorney General, State ) | |
| of South Carolina; ) | |
| ) | |
| Respondents. ) | |

The Petitioner, Michael Hitter (hereafter, the "Petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which Petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)©, D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at Allendale Correctional Institution in Fairfax, South Carolina, serving a sentence of life imprisonment on a murder conviction before the Beaufort County Court of General Sessions in March 1974.[1] In this action, Petitioner does not challenge this underlying

---

[1] – Petitioner has attacked this underlying conviction three times in this Court. His first petition was filed on October 27, 2000. The petition was considered on the merits and summary judgment was granted to the respondents. See Hitter v. Weldon, et al., 4:00-3411-CMC (D.S.C. 2000), aff'd 36 Fed Appx. 76 (4th Cir. 2002). His second and third § 2254 petitions were dismissed as successive under the Anti-Terrorism and Effective Death Penalty Act (AEDA). See Hitter v. Hagan, 2:06-0204-TLW-RSC (D.S.C. 2006); Hitter v. Hagan, 2:03-0893-TLW-RSC (D.S.C. 2003).

1

conviction. Instead he attacks a number of convictions imposed by the City Court of West Columbia between 1988 and 1990. In 1983 Petitioner was released from custody of the South Carolina Department of Corrections on parole from his 1974 sentence. Approximately five years later, he was charged with various offenses – resisting arrest, carrying a concealed weapon, driving under suspension and under the influence, and leaving the scene of an accident. Petitioner states that he entered guilty pleas, then later received Post Conviction Relief (PCR) in the Court of Common Pleas for Lexington County. The petition then alleges that new convictions were obtained without a trial. From these subsequent convictions, Petitioner now seeks relief under 28 U.S.C. § 2254.

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to this standard and the

2

procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

## PRIOR PETITION UNDER 28 U.S.C. § 2254

On April 15, 2002, Petitioner sought the same relief in this Court which he seeks in the present action. See Hitter v. Pate, 2:02-01057-RBH-RSC (D.S.C. 2002). This Court may take judicial notice of this prior petition. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

A full record was developed in Petitioner's earlier case. An evidentiary hearing was conducted on April 14, 2005. This Court had the opportunity to review the entire record of the proceedings in West Columbia and the ensuing PCR proceedings. This Court heard testimony of the Petitioner and arguments of counsel. On August 16, 2005, the undersigned filed a Report reviewing in detail all the facts and issues raised by Petitioner, concluding that his claims had no merit and that his West Columbia convictions were properly reflected in his prison records. See Hitter, supra (Report and Recommendation, Docket Entry #48).

On September 30, 2005, the Honorable R. Bryan Harwell, United States District Judge for the District of South Carolina, adopted the Report and judgment was entered for the Respondent. See Hitter, supra (Order and Judgment, Docket Entries #53 and #54). Petitioner

3

appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on March 29, 2006. See Hitter v. Pate, — Fed. Appx. —, 2006 WESTLAW 870550 (4th Cir. 2006).

Petitioner states that on March 27, 2006, he applied to the Fourth Circuit to file the present petition as a successive § 2254 case. On April 27, 2006, his application was denied. See In re Hitter, 06-0392 (4th Cir. 2006). In order for this Court to entertain the current petition, Petitioner must seek and obtain a Pre-Filing Authorization (PFA) from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). See In re: Williams, 364 F. 3d 235 (4th Cir. 2004); In re: Williams, 330 F. 3d 277 (4th Cir. 2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003). Since he has tried to obtain leave and failed, this Court should dismiss the petition.

This petition should be dismissed **with prejudice**. Petitioner has had every opportunity to litigate his *habeas corpus* claims and is bound by the prior decision of this Court as affirmed by the Fourth Circuit Court of Appeals. One hundred thirty years ago, the United States Supreme Court summarized the doctrine of *res judicata* declaring that a judgment becomes:

> ...a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Cromwell v. Country of Sac, 94 U.S. 351 (1876). The Supreme Court restated this same definition in the 1983 case of Nevada v. United States, 463 U.S. 110 (1983). The judicial policies of economy, finality, and comity, among others, are served by the doctrine of *res judicata*, requiring no further exposition in this Report. They are well settled in American jurisprudence.

The Fourth Circuit has on many occasions declared the elements governing prior

4

adjudication: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. Andrews v. Daw, 201 F. 3d 521 (4th Cir. 2000); Jones v. SEC, 115 F. 3d 1173 (4th Cir. 1997); Varat Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough, 81 F. 3d 1310 (4th Cir. 1996); Young-Henderson v. Spartanburg Area Mental Health Center, 945 F. 770 (4th Cir. 1991); Keith v. Aldridge, 900 F. 2d 736 (4th Cir.1990).

There is no reason for this Court to entertain any further challenges to Petitioner's convictions in the City Court of West Columbia. Accordingly, it is recommended that the above-captioned case be **dismissed with prejudice** and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The petitioner's attention is directed to the notice on the next page.

Honorable Robert S. Carr
United States Magistrate Judge

Dated: 5/8/06
Charleston, South Carolina

5

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
